UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FN HERSTAL, S.A., | § | |
| CYBERGUN, S.A., | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | JURY TRIAL DEMANDED |
| JAG PRECISION, | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Plaintiffs FN Herstal, S.A. ("FNH"), and Cybergun, S.A. ("Cybergun"), and for its Complaint against Defendant, Jag Precision ("JAG") state and allege as follows:

### I.
### THE PARTIES

1.      Plaintiff FNH is a Belgian corporation organized and existing under the laws of Belgium with its principal place of business in Belgium.

2.      Plaintiff Cybergun is a French corporation organized and existing under the laws of France with its principal place of business in France.

3.      Defendant Jag Precision is duly organized and existing under the laws of the State of California, having a principal business address at 2223 Troy Avenue, South El Monte, California 91733.

### II.
### JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. Section 1, *et seq.*, and the Lanham Act.  This Court has subject matter

jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), and/or 1367, and under 15 U.S.C. Section 1051, *et seq.*

5.     This Court has personal jurisdiction over Defendant as it has established contacts with the forum-including by voluntarily conducting business and soliciting transactions in the State of Texas-such as the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

6.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because Defendant has transacted business in this district and, on information and belief, has committed acts of patent infringement and unfair competition in this district. Additionally, the matters in controversy arise out of the activities undertaken in this judicial district and Defendants are subject to the personal jurisdiction in this judicial district, and at least one of the Plaintiffs has a subsidiary within this district.

### III.
### FACTUAL BACKGROUND

**A.     PLAINTIFFS' INTELLECTUAL PROPERTY**

7.     FNH is a well-known manufacturer, designer and supplier of small caliber weapons, components, accessories and ammunition.  Over time, FNH has demonstrated expertise in the sales, marketing, and distribution of small caliber weapons, components, accessories, and ammunition for military, law enforcement and commercial applications.  Over time, FNH has secured valuable patents, trademarks, and copyrighted materials.  Through extensive investment of time, labor, skill, and money, FNH has also created valuable trade secrets, confidential business information, and know-how.

8.     One particular firearm design that has been successfully developed, marketed, and sold by FNH is the SCAR line of assault rifles.  FNH has actively protected a broad range of

intellectual property rights associated with its SCAR line of products, including through utility and design patents registered with the United States Patent and Trademark Office ("the USPTO"), trademarks registered with the USPTO, trade dress protection in the design and appearance of the SCAR line of products, as well as other forms of intellectual property protection.

### Exclusive License to Cybergun

9.       Cybergun is a recognized leader in manufacturing and distribution of air soft guns, model guns, air guns, paint ball guns, and electronic and non-electronic games relating to or using replicas of existing weapons, ammunition and projectiles.

10.      On or about June 25, 2010, FNH and Cybergun executed a License Agreement whereby FNH granted to Cybergun the exclusive rights to manufacture, distribute, advertise, and sell, directly or indirectly, replicas of various firearm designs owned by FNH, including but not limited to the FNH SCAR line of firearms, in the form of air soft guns, air guns, and paint ball guns.  Pursuant to the License Agreement, Cybergun is given express authority by FNH to prosecute infringement claims against third parties on behalf of or in conjunction with FNH.

### Intellectual Property – Design Patent

11.      Plaintiff FNH is the owner of all right, title and interest in and to United States Patent No. D641,824 ("the '824 Patent"), entitled "Assault Rifle" that was duly and legally issued by the U.S.P.T.O. on July 19, 2011.  Attached as Exhibit 1 is a true and correct copy of the '824 Patent.  Plaintiff FNH is the owner of all rights, title, and interest in and to the '824 Patent and is entitled to sue for past and future infringement.  The '824 Patent is valid and enforceable.

*Intellectual Property – Trade Dress*

12.     In 2009, FNH introduced the FNH SCAR (Special Combat Assault Rifle) assault rifle, today known by two different models including the FN SCAR 16 and FN SCAR 17.  In addition to its distinctive appearance, the FNH SCAR line of products is renowned for its accuracy, enhanced modular trigger capable of being configured for single-stage or two-stage operation, and low-volume and magazine stoppage.  Since its introduction, sales to consumers in the United States have exceeded $932 million.

13.     The FN SCAR 16 is chambered for the 5.56x45mm NATO (.223 Rem.) cartridge and the FN SCAR 17 is chambered for the 7.62x51mm NATO (.308 Win.).  Both the FN SCAR 16 and 17 models feature three user-interchangeable, freefloating, cold hammer-forged MIL-SPEC barrels with hard-chromed bores and A-2 type flash suppressors, with fully-ambidextrous operating controls, and have a sidefolding polymer stock that is fully adjustable for comb height and length of pull.

14.     The FNH SCAR line of products has a unique, distinctive overall look, which consumers immediately recognize and associate with authentic, high quality FNH firearms.  This unique and distinctive overall look, or trade dress, is characterized by numerous nonfunctional design elements and markings.  All of these nonfunctional elements and markings combine to create a distinctive look that is associated in the minds of consumers with FNH, and with the high quality and performance that customers know and expect from FNH firearms.  The distinctive trade dress of the FNH SCAR line of products (the "FNH SCAR Product Configuration Trade Dress") is a protectable FNH trademark.

15.     The FNH SCAR Product Configuration Trade Dress generally can be described as the overall look of the FNH SCAR firearm.  While certainly not limited to these features, the

FNH SCAR Product Configuration Trade Dress may include its depiction as both an assault rifle (SCAR-L) and battle rifle (SCAR-H), its folding assault stock, weight, length, the uninterrupted Picatinny rail on the top of the aluminum receiver, two removable side rails, bottom side rail, polymer lower receiver, M16 compatible pistol grip, flared magazine well, raised area around magazine and bolt release buttons.  Together, these distinctive, nonfunctional elements, as well as others, combine to create the FNH SCAR Product Configuration Trade Dress.

      16.     Photographic examples depicting aspects of the FNH SCAR Product Configuration Trade Dress embodied in the firearms of Plaintiff FNH are below:



| Plaintiff FNH's SCAR Products: |
|---|
| SCAR™ 16 CQC |
| SCAR™ 16 Standard |
| SCAR™ 16 LB |
| SCAR™ 17 CQC |



17.     Photographic examples depicting aspects of the FNH SCAR Product Configuration Trade Dress embodied in the firearms of Plaintiff Cybergun are below:



18.     The FNH SCAR Product Configuration Trade Dress is inherently distinctive. More particularly, the intrinsic nature of the unique FNH SCAR Product Configuration Trade Dress serves in the minds of consumers to automatically identify FNH as the source of the SCAR firearm independent of any words accompanying the trade dress, and consumers expect products

with the FNH SCAR Product Configuration Trade Dress to have the same high quality as FNH's other products.

19. Additionally, Plaintiffs' extensive promotion of the SCAR line of products, the continuous and exclusive use of the unique and distinctive FNH SCAR Product Configuration Trade Dress by Plaintiffs, and the success that the SCAR firearms have achieved in the marketplace serves to further strengthen the association of the FNH SCAR Product Configuration Trade Dress with FNH in the minds of consumers. The FNH SCAR Product Configuration Trade Dress has acquired enormous value as an identifier of high-quality firearms and has earned substantial customer goodwill over the years that the SCAR firearms have been on the market in the United States.

20. By virtue of the unique and distinctive FNH SCAR Product Configuration Trade Dress, and its prominence in the U.S. market, consumers of firearms throughout the United States readily recognize, identify and distinguish FNH's SCAR firearms from firearms produced by other manufacturers.

21. The features that comprise the distinctive FNH SCAR Product Configuration Trade Dress are non-functional, as evidenced by the fact that there are many other commercially available firearms that compete with SCAR firearms, but these competing products are marketed and sold with product configurations substantially different in appearance from the unique and valuable FNH SCAR Product Configuration Trade Dress.

22. The FNH SCAR Product Configuration Trade Dress is famous and recognized throughout the United States (including Texas) and much of the world.

23. FNH is the owner of all rights, title, and interest in and to the FNH SCAR Product Configuration Trade Dress and is entitled to sue for past and future infringement.

*Intellectual Property – Trademark*

24.     Still other examples of the intellectual property of FNH include at least the following trademark applications and/or registrations: (1) the word mark SCAR, U.S. Trademark App. Ser. No. 79/093,900 (Internat'l Reg. No. 1,068,037), attached as Exhibit 2; (2) the word mark SCAR, U.S. Trademark App. Ser. No. 79/053,575 (Internat'l Reg. No. 0,963,568), attached as Exhibit 3; (3) the mark FN & Design, U.S. Trademark Reg. No. 4,017,801 (Internat'l Reg. No. 1,048,702), attached as Exhibit 4; and (4) the word mark FN Herstal, U.S. Trademark Reg. No. 4,017,799 (Internat'l Reg. No. 1,048,700), attached as Exhibit 5.  FNH is the owner of all rights, title, and interest in and to the above trademarks identified in Exhibits 2-5 and is entitled to sue for past and future infringement.

25.     Although unregistered, yet another example of the intellectual property of FNH includes common law rights in the word mark MK arising from Plaintiffs' extensive use in commerce of the mark MK in association with firearms (and firearm replicas).

26.     In addition to the trademarks owned by FNH, the trademarks owned by Cybergun include at least the following trademark registrations: (1) the word mark SOFTAIR, U.S. Trademark Reg. No. 2,989,797, attached as Exhibit 6; (2) the word mark SOFT AIR USA, U.S. Trademark Reg. No. 3,248,655, attached as Exhibit 7; (3) the word mark CYBER GUN, U.S. Trademark Reg. No. 2,644,922, attached as Exhibit 8; and (4) the mark CYBER GUN & Design, U.S. Trademark Reg. No. 2,837,671, attached as Exhibit 9.

**B.     DEFENDANT'S MISAPPROPRIATION AND INFRINGEMENT OF PLAINTIFFS' INTELLECTUAL PROPERTY**

27.     Defendant is in the business of importing and selling as a wholesale distributor of airsoft rifles which can be used to fire BB pellets, paint balls, and other projectiles which are not bullets in the United States, including but not limited to the State of Texas.

28.    Among these products are Defendant's ECHO 1USA ASC (Advanced Squad Carbine); ECHO 1USA ASC-H (Advanced Squad Carbine Heavy); Vega Force MK16; and Vega Force MK17.

29.    Defendant has copied and misappropriated Plaintiffs' intellectual property in an attempt to trade off the innovation and reputation of firearms developed by, marketed by, and associated with FNH and/or Cybergun.

30.    Accordingly, Plaintiffs seek injunctive relief and damages to prevent Defendant from misappropriating FNH's patented innovations, and from confusing and deceiving consumers of firearm products through the sale of infringing firearms copying Plaintiffs' patented features, trademarks and trade dress.

### Defendant's Infringement of Plaintiffs' Design Patents

31.    Defendant has made, used, sold, and offered for sale within the United States, and imported into the United States, firearms, including but not limited to Defendant's ECHO 1USA ASC, ECHO 1USA ASC-H, Vega Force MK16, and Vega Force MK17, that infringe one or more claims of Plaintiffs' '824 Patent. Following is a representative comparison:

| '824 Patent | Defendant's Firearms |
| --- | --- |



32.     Defendant is not licensed under Plaintiffs' '824 Patent.

33.     The damage to Plaintiffs from Defendant's infringement of the '824 Patent is severe and irreparable.

### Defendant's Infringement of Plaintiffs' Trade Dress

34.     In addition to selling products infringing Plaintiffs' issued design patent, Defendant manufactures, imports, markets and sells firearm products that are virtually identical to the FNH SCAR Product Configuration Trade Dress.

35.     On information and belief, Defendant's firearm product was intentionally designed to imitate the FNH SCAR Product Configuration Trade Dress in order to trade on the goodwill and reputation for high quality associated with Plaintiffs' firearm products.   A

comparison between the FNH SCAR Product Configuration Trade Dress and Defendant's firearm product appears below:

| Cybergun's SCAR Products: | Defendant's 'SCAR' Products: |
|---|---|
| FN Herstal SCAR Tan | Vega Force Company MK16 Light Version in FDE |
|  |  |
| FN Herstal SCAR Black | Vega Force Company MK16 Light Version in Black |
|  |  |
| | ECHO1 Advanced Squad Carbine |
| |  |
| | ECHO1 Advanced Squad Carbine HEAVY (ASC-H) in Black |
| |  |
| | Vega Force Company MK17 Light Version in FDE |
| |  |
| | ECHO1 Advanced Squad Carbine HEAVY (ASC-H) |



| **FNH's SCAR Products:** | **Defendant's 'SCAR' Products:** |
|---|---|
| SCAR™ 16 CQC | ECHO1 Advanced Squad Carbine |
| SCAR™ 16 Standard | Vega Force Company MK16 Light Version in FDE |
| SCAR™ 16 LB | Vega Force Company MK16 Light Version in Black |
| SCAR™ 17 CQC | ECHO1 Advanced Squad Carbine HEAVY (ASC-H) in Black |
| SCAR™ 17 Standard | Vega Force Company MK17 Light Version in FDE |
| SCAR™ 17 LB | ECHO1 Advanced Squad Carbine HEAVY (ASC-H) |



36.     Unlike Defendant's firearm products, other firearm products on the market feature product configurations significantly different from the FNH SCAR Product Configuration Trade Dress.

37.     Plaintiffs have never authorized Defendant to use the FNH SCAR Product Configuration Trade Dress, and Defendant is fully aware that it has no such authorization from Plaintiffs.

38.     Defendant's unauthorized use of the FNH SCAR Product Configuration Trade Dress is likely to cause confusion or deceive consumers into believing that Defendant's firearm products are genuine products of one or both of Plaintiffs, or are sponsored, licensed, authorized by, or affiliated, connected, or associated in some way with Plaintiffs.

39.     Plaintiffs have suffered and, unless Defendant's wrongful conduct is enjoined, will continue to suffer, irreparable harm as well as monetary damage resulting from the infringement of the FNH SCAR Product Configuration Trade Dress by Defendant.

### *Defendant's False Advertising and Trademark Infringement*

40.     Plaintiffs reallege and incorporate by reference, as set forth herein, Paragraphs 1 through 39 of the Complaint.

41.     Certain of Defendant's airsoft rifles are sold under the name "MK 16" and "MK 17." This name is confusingly similar with Plaintiffs' word mark MK used in association with Plaintiffs' firearms (including Plaintiffs' used of the marks "FN SCAR MK 16" and "FN SCAR

MK 17"), wherein a consumer would confuse Defendant's airsoft rifles as emanating from Plaintiffs.

42.     Defendant also, without authority, uses the trademarks of Plaintiffs in the source code of its website at: www.jagprecision.com.  In particular, various of Defendant's web pages utilize the trademarks (or confusingly similar variations thereof) as metatags intended to attract additional consumers to Defendant's website that offers the infringing firearms.  For example, attached as Exhibit 10 is a print-out of the HTML code for www.jagprecision.com, which improperly includes at least the trademarks SOFT AIR, SOFTAIR, and CYBERGUN, all of which are owned by Plaintiff Cybergun.

## IV.
## CLAIMS AND CAUSES OF ACTION

### COUNT I.
### PATENT INFRINGEMENT

43.     Plaintiffs reallege and incorporate paragraphs 1-42 set forth above.

44.     Defendant has infringed, contributorily infringed and/or induced infringement of the '824 Patent.  Defendant has infringed and is still infringing on one or more claims of the '824 Patent by distributing and offering to sell products which infringe on the '824 Patent.

45.     Upon information and belief, Defendant has actual knowledge of Plaintiff's '824 Patent yet continues to distribute and offer for sell products which infringe upon the '824 Patent. Defendant's infringement of the '824 Patent has damaged and will continue to damage Plaintiffs.

46.     On information and belief, infringement of the '824 Patent by Defendant has been willful.

### COUNT II.
### TRADE DRESS INFRINGEMENT IN VIOLATION OF THE LANHAM ACT

47.     Plaintiffs reallege and incorporate paragraphs 1-46 set forth above.

48. Plaintiffs' FNH SCAR Product Configuration Trade Dress is non-functional and distinctive.

49. Defendant imports, markets, offers for sale, and sells firearm products that copy and misappropriate Plaintiffs' unique and distinctive FNH SCAR Product Configuration Trade Dress.

50. As a result of Defendant's conduct, consumers are likely to be confused, mistaken or deceived as to the affiliation, connection, and/or association of Defendant's firearm products with Plaintiffs, as to the origin, sponsorship, or approval of Defendant's firearm products, and/or as to the nature, characteristics or qualities of Defendant's firearm products.

51. Defendant's conduct, including as described above, constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. On information and belief, Defendant's unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Plaintiffs' property rights.

53. Because of Defendant's conduct, Plaintiffs have suffered, and unless Defendant's conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which they have no adequate remedy at law.

### COUNT III.
#### TRADE DRESS DILUTION IN VIOLATION OF THE LANHAM ACT

54. Plaintiffs reallege and incorporate paragraphs 1-53 set forth above.

55. Plaintiffs' FNH SCAR Product Configuration Trade Dress is a unique, distinctive, and famous mark under 15 U.S.C. § 1125(c)(1).

56. After Plaintiffs' FNH SCAR Product Configuration Trade Dress became a famous mark, Defendant began to distribute, offer for sale, and sell firearm products using the FNH SCAR Product Configuration Trade Dress in United States commerce.

57.     Defendant's conduct has lessened and is likely to continue to lessen the capacity of Plaintiffs' famous FNH SCAR Product Configuration Trade Dress to identify and distinguish Plaintiffs' goods and services.

58.     Defendant's conduct, including as described above, constitutes unfair competition in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

59.     On information and belief, Defendant's unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Plaintiffs' property rights.

60.     Because of Defendant's conduct, Plaintiffs have suffered, and unless Defendant's conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which they have no adequate remedy at law.

### COUNT IV.
### TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT

61.     Plaintiffs reallege and incorporate paragraphs 1-60 set forth above.

62.     This claim arises under the Lanham Act, 15 U.S.C. § 1051, et seq.

63.     Defendant, in connection with its firearm products, has used false and/or misleading descriptions of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics and/or qualities of its firearm products. Defendant, in connection with its firearm products, has used one or more of Plaintiffs' registered trademarks. Among others, Defendant has improperly used at least the marks SOFT AIR, SOFTAIR, and/or CYBERGUN through the operation of its website located at www.jagprecision.com (e.g., the marks are used as metatags).

64.     Defendant's unauthorized use of Plaintiffs' registered trademarks (or confusingly similar variations thereof) has actually or has had the capacity to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's firearm

products with Plaintiffs or as to the origin, sponsorship or approval of Defendant's firearm products by Plaintiffs.

65.     Defendant's unauthorized use of Plaintiffs' registered trademarks (or confusingly similar variations thereof) has been and will continue to be material and likely to influence consumers' purchasing decisions.

66.     Defendant's unauthorized use of Plaintiffs' registered trademarks (or confusingly similar variations thereof) has been and will continue to be made in interstate commerce.

67.     Defendant's conduct, including as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114(a) and/or § 1125(a).

68.     On information and belief, Defendant's unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Plaintiffs' property rights.

69.     As a result of Defendant's unlawful conduct, including as described above, Plaintiffs have suffered, are suffering, and will continue to suffer severe and irreparable harm and substantial damages, unless such infringement is enjoined by the Court.

### COUNT V.
### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF THE LANHAM ACT

70.     Plaintiffs reallege and incorporate paragraphs 1-69 set forth above.

71.     This claim arises under the Lanham Act, 15 U.S.C. § 1051, et seq.

72.     Defendant, in connection with its firearm products, has used false and/or misleading descriptions of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics and/or qualities of its firearm products.  Among other misrepresentations, Defendant has improperly used Plaintiffs' mark MK during the manufacture, importation, distribution and/or sale of its firearm products (e.g., Defendant has improperly used the designation "MK 16" and/or "MK 17" in association with its products).

73. Defendant's false and/or misleading descriptions have actually deceived or have had the capacity to deceive a substantial segment of potential consumers.

74. Defendant's false and/or misleading descriptions were and are material and likely to influence consumers' purchasing decisions.

75. Defendant's false and misleading statements and representations were and are made in interstate commerce.

76. Defendant's conduct, including as described above, constitutes false and misleading advertising in violation of 15 U.S.C. § 1114(a) and/or § 1125(a).

77. On information and belief, Defendant's unlawful conduct, including as described above, was deliberate, knowing, and in willful disregard of Plaintiffs' property rights.

78. As a result of Defendant's unlawful activities, as described above, Plaintiffs have suffered and will continue to suffer irreparable injury and damages, including but not limited to loss of sales and profits which Plaintiffs would likely have made but for the false and deceptive advertising and unfair competition by Defendant.

## COUNT VI.
### COMMON LAW FALSE AND MISLEADING ADVERTISING

79. Plaintiffs reallege and incorporate paragraphs 1-78 set forth above.

80. This claim arises under the common law unfair competition laws of the several states.

81. Defendant, in connection with its firearm products, has used false and/or misleading descriptions of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics and/or qualities of its firearm products.

82. Defendant's false and/or misleading descriptions have actually deceived or have had the capacity to deceive a substantial segment of potential consumers.

83. Defendant's false and/or misleading descriptions were and are material and likely to influence consumers' purchasing decisions.

84. Defendant's unlawful conduct constitutes unfair competition under the common law.

85. As a result of Defendant's unlawful activities, as described above, Plaintiffs have suffered and will continue to suffer irreparable injury and damages, including but not limited to loss of sales and profits which Plaintiffs would likely have made but for the false and deceptive advertising and unfair competition by Defendant.

### COUNT VII.
### TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

86. Plaintiffs reallege and incorporate paragraphs 1-85 set forth above.

87. The firearm products sold by Plaintiffs are well known and well regarded by consumers.

88. There was a reasonable probability that Plaintiffs would have sold more firearm products than they actually have but for the above-described patent infringement and trade dress infringement.

89. Defendant intentionally interfered with Plaintiffs' prospective sales in that it either desired to prevent those sales or was substantially certain that prevention of those sales was likely to occur as a result of its misconduct.

90. As a proximate and direct result of Defendant's intentional interference, Plaintiffs have suffered damages in an amount in excess of $75,000.

### COUNT VIII.
### COMMON LAW UNFAIR COMPETITION

91. Plaintiffs reallege and incorporate paragraphs 1-90 set forth above.

92.     The above-described misconduct constitutes common law unfair competition.

93.     Plaintiffs have suffered damages as a result of Defendant's unfair competition in an amount in excess of $75,000.

## V.
### PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

A.  A judgment that Defendant infringed, and/or induced the infringement of the '824 Patent and continues to infringe and/or induce the infringement of the '824 Patent;

B.  Entry of a preliminary and permanent injunction pursuant to 35 U.S.C. Section 283 enjoining Defendant, as well as their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement and inducing infringement of the '824 Patent, including but not limited to making, using, offering to sell, or selling products produced in accordance with the patented methods set forth in the '824 Patent;

C.  An award of all damages adequate to compensate Plaintiffs for Defendants infringement and/or inducement of infringement, including actual damages, lost profits, disgorgement of Defendant's profits, and treble and exemplary damages in view of the knowing-willful-and intentional nature of Defendant's acts, and such damages to be determined by a jury, and, if necessary, and accounting of all damages;

D.  An award of pre- and post-judgment interest to Plaintiffs pursuant to 35 U.S.C. Section 284.

E.  A judgment in favor of Plaintiffs finding that Defendant has willfully infringed the '824 Patent.

F.  A declaration that this case is exceptional under 35 U.S.C.  Section 285 and an award of the reasonable attorney's fees, costs, and expenses incurred by Plaintiffs in this action;

G.  A judgment ordering Defendant to pay to Plaintiffs enhanced damages up to three times the amount of actual damages found or assessed as appropriate under 35 U.S.C. Section 284;

H.  A judgment and order requiring corrective advertising to remedy the actual and potential customer confusion in the marketplace to due to Defendant's unlawful acts;

I.  A judgment requiring Defendant to pay Plaintiffs punitive damages;

J.  Such other relief that this Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues and claims so triable.

Dated this 10th day of January 2012.

Respectfully submitted,

**ANDERSON TOBIN, PLLC**

/s/ Rob D. Ramage
Rob D. Ramage
State Bar No. 00784807
rramage@andersontobin.com
R. Scott Anderson
Texas Bar No. 01210045
scotta@andersontobin.com
Susan E. Hannagan
Texas Bar No. 24062820
shannagan@andersontobin.com
One Galleria Tower

13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone:  (972) 789-1160
Facsimile:  (972) 789-1606

Kelly J. Kubasta
State Bar No. 24002430
KLEMCHUK KUBASTA LLP
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Tel. 214.367.6000
Fax. 214.367.6001
kelly.kubasta@kk-llp.com

**ATTORNEYS FOR PLAINTIFF
CYBERGUN, S.A.**

℀JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FN Herstal, S.A., and Cybergun, S.A. | JAG Precision |

**(b)** County of Residence of First Listed Plaintiff   Belgium and France
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rob D. Ramage, Anderson Tobin, PLLC, One Galleria Tower, 13355 Noel Road, Suite 1900, Dallas, Texas 75240

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❑ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

❑ 2  U.S. Government Defendant

❑ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ☒ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | Alien Detainee | | ❑ 950 Constitutionality of |
| | Other | | ❑ 465 Other Immigration | | State Statutes |
| | ❑ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ❑ 2 Removed from State Court  ❑ 3 Remanded from Appellate Court  ❑ 4 Reinstated or Reopened  ❑ 5 Transferred from another district (specify)  ❑ 6 Multidistrict Litigation  ❑ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), and/or 1367, and 15 U.S.C. § 1051
Brief description of cause:
Patent Infringement and Lanham Act Case

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ❑ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

(See instructions)
JUDGE _Rob D. Ramage_   DOCKET NUMBER

DATE
01/10/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court _____ Northern District of Texas Dallas Division _____ on the following

☑ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED<br>1/10/2012 | U.S. DISTRICT COURT<br>Northern District of Texas Dallas Division |
|---|---|---|
| PLAINTIFF<br><br>FH Herstal, S.A., and Cybergun, S.A., | | DEFENDANT<br><br>JAG Precision |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | USD641,824S | 7/19/2011 | Benoit Marie Gridelet |
| 2 | 79/093,900 | 1/13/2011 | SCAR, U.S. |
| 3 | 79/053,575 | 4/22/2008 | SCAR, U.S. |
| 4 | 4,017,801 | 7/1/2010 | FN & Design, U.S. |
| 5 | 4,017,799 | 7/1/2010 | FH Herstal, U.S. |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

| Patent or Trademark | Date of Patent or Trademark | Holder of Patent or Trademark |
| --- | --- | --- |
| 6. 2,989,797 | 08/30/2005 | SOFTAIR, U.S. |
| 7. 3,248,655 | 05/29/2007 | SOFTAIR USA, U.S. |
| 8. 2,644,922 | 11/05/2002 | CYBER GUN, U.S. |
| 9. 2,837.671 | 05/04/2004 | CYBERGUN & Design, U.S. |